## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LENNIL L. JOHNSON, JR., Inmate #N58064, ) ) ) | |
| Plaintiff, ) | |
| ) | CIVIL NO. 05-664-DRH |
| vs. ) | |
| ) | |
| T.J. COLLINS, DR. C. AMPADU, and JENNIFER LITTLE, ) ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, an inmate in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

However, it has now come to the Court's attention that Plaintiff Lennil L. Johnson, Jr., has, contrary to his signed and sworn statements in his complaint, "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1]   Section 1915(g) requires that this Court consider prisoner actions dismissed prior to, as well as after, the PLRA's enactment. *See Evans v. I.D.O.C.,* 150 F.3d 810, 811 (7th Cir.

---

[1]*See, e.g.,Johnson v. Churchich*, Case No. 94-538-PER (dismissed as frivolous 1/24/95); *Johnson v. Stanley,* Case No. 95-507-WDS (dismissed as frivolous 8/7/95); *Johnson v. Washington,* 95-819-PER (dismissed as frivolous 7/11/96).

1998); *Abdul-Wadood v. Nathan,* 91 F.3d 1023 (7th Cir. 1996).

On page 2 of the complaint, the form asks:

> **Have you ever filed any other lawsuits in state or federal court
> relating to your imprisonment?**

Plaintiff checked yes, and listed two federal cases filed in this district.[2]  He also attached to the

complaint a print out from the Court's own electronic case filing system, indicating only the two

cases Plaintiff listed.  However, Plaintiff has filed ten other cases in this district.[3]  Furthermore, on

the application to proceed *in forma pauperis* (Doc. 2), Plaintiff again listed only the two cases.

Plaintiff's representations that he had filed only two cases previously are blatantly false.

The *in forma pauperis* motion form warns that "[f]ailure to provide complete, accurate

information about all your prior litigation may result in denial of your request to proceed *in forma

pauperis*," and the Court finds that an experienced litigator such as Mr. Johnson is well aware of

how to properly complete this form.

**IT IS THEREFORE ORDERED** that Plaintiff's *in forma pauperis* status is **REVOKED**.

**IT IS FURTHER ORDERED** that within **FIFTEEN (15) DAYS** of the date of entry of this

order, Plaintiff shall pay the **full $250 filing fee** for this action.

---

[2]These cases were filed under the name Lennil L. Johnson, Jr.: *Johnson v. Gulash*, Case No. 00-701-DRH (S.D. Illinois, filed September 8, 2000); *Johnson v. Elliot*, Case No. 00-713-JPG (S.D. Illinois, filed September 12, 2000).

[3]The following cases have been filed in this district under the name Lennil Johnson:  *Johnson v. Churchich*, Case No. 94-538-PER (S.D. Illinois, filed July 26, 1994); *Johnson v. Newsome*, Case No. 94-710-WDS (S.D. Illinois, filed September 26, 1994); *Johnson v. Rathmann*, Case No. 94-939-JPG (S.D. Illinois, filed December 12, 1994); *Johnson v. Ohlendorpf*, Case No. 95-064-WLB (S.D. Illinois, filed January 23, 1995); *Johnson, et al., v. Ohlendorpf*, Case No. 95-067-WLB (S.D. Illinois, filed January 25, 1995); *Johnson v. Stanley*, Case No.  95-507-WDS (S.D. Illinois, filed June 27, 1995); *Johnson v. McVicar*, Case No. 95-803-JPG (S.D. Illinois, filed October 30, 1995); *Johnson v. Washington*, Case No. 95-819-PER (S.D. Illinois, filed November 7, 1995); *Johnson v. Eggerson*, Case No. 96-386-PER (S.D. Illinois, filed May 8, 1996); *Johnson v. Snyder*, 01-551-GPM (S.D. Illinois, filed August 17, 2001).

**IT IS FURTHER ORDERED** that if Plaintiff does not pay the full $250 filing fee within this 15-day period, this action will be closed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

*Plaintiff is further advised that Fed. R. Civ. P. 11(c) authorizes the Court to impose sanctions against parties who make misrepresentations to the Court on signed pleadings or documents.  ADDITIONAL FRAUDULENT STATEMENTS OR ACTS BY THIS PLAINTIFF AGAINST THIS COURT WILL NOT BE TOLERATED AND WILL BE MET WITH STRONG ACTION BY THE COURT.*

**IT IS SO ORDERED.**

**DATED:**  July 19, 2006


/s/   David RHerndon
**DISTRICT JUDGE**

- 3 -